KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
Velma K. Lim (SBN 111006)
vlim@kroloff.com
Jamie M. Bossuat (SBN 267458)
jbossuat@kroloff.com
7540 Shoreline Drive
Stockton, CA 95219
Telephone: (209) 478-2000
Facsimile: (209) 478-0354

Attorneys for Defendants
SUKHJIT SINGH JASWAL and
HARVINDER SINGH

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO BRANCH

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ISABELLA A. GAINES, in her individual capacity and representative capacity as Trustee – Gaines Family Legacy Trust; SUKHJIT SINGH JASWAL; HARVINDER SINGH ; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:15-CV-00163-JAM-CKD<br><br>**DEFENDANTS SUKHJIT SINGH JASWAL AND HARVINDER SINGH'S ANSWER TO COMPLAINT** |

Defendants Sukhjit Singh Jaswal and Harvinder Singh answer plaintiff's Complaint and admit, deny and allege as follows:

### PARTIES

1.  Answering paragraph 1 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in this paragraph; therefore, defendants deny the allegations in this paragraph.

2.  Answering paragraph 2 of the Complaint, defendants admit that at the time of the alleged incidents, Harvinder Singh operated the business located at 1304 E Main Street, Stockton, California. Defendants Jaswal and Singh are informed and believe that Mr. Gaines is the owner of the property. Except as admitted or as alleged, defendants have insufficient knowledge or information

upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the remaining allegations in this paragraph.

    3.    Answering paragraph 3 of the Complaint, defendants have insufficient knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

## JURISDICTION & VENUE

    4.    Answering paragraph 4 of the Complaint, defendants are informed and believe, and on the basis of that information and belief, admit that this U.S. District Court has jurisdiction over this action arising under the laws of the United States, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) & (a)(4), and that this Court has supplemental jurisdiction over claims arising under California Law.

    5.    Answering paragraph 5 of the Complaint, defendants admit that this Court has supplemental jurisdiction over claims arising under California law.

    6.    Answering paragraph 6 of the Complaint, defendants admit that venue is proper in the United States District Court, Eastern District of California, Sacramento, California pursuant to 28 U.S.C § 1391(b) on the grounds that plaintiff's claims purportedly arose in this District.

## FACTUAL ALLEGATIONS

    7.    Answering paragraph 7 of the Complaint, defendants admit Main Market is a business establishment and a place of public accommodation.

    8.    Answering paragraph 8 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

    9.    Answering paragraph 9 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

    10.    Answering paragraph 10 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

11. Answering paragraph 11 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

12. Answering paragraph 12 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

13. Answering paragraph 13 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C 12 101)

14. Answering paragraph 14 of the Complaint, defendants deny, admit, and allege the same responses to the foregoing paragraphs as set forth above and incorporate those responses as the fully set forth herein.

15. Answering paragraph 15 of the Complaint, defendants admit that plaintiff has recited a summarization of 42 U.S.C. § 12182(a). Except as admitted or alleged, defendants deny the allegations in this paragraph.

    a. Answering paragraph 15(a) of the Complaint, defendants admit that plaintiff has recited a summarization of 42 U.S.C. § 12182(b)(2)(A)(ii). Except as admitted or alleged, defendants deny the allegations in this paragraph.

    b. Answering paragraph 15(b) of the Complaint, defendants admit that plaintiff has recited a summarization of certain sections of the 1991 and 2010 ADAAG standards as stated. Except as admitted or alleged, defendants deny the allegations in this paragraph.

    c. Answering paragraph 15(c) of the Complaint, defendants admit that plaintiff has recited a summarization of 42 U.S.C. § 12183(a)(2). Except as admitted or alleged, defendants deny the allegations in this paragraph.

//
//

16. Answering paragraph 16 of the Complaint, defendants admit that plaintiff has recited a summarization of 1991 ADAAG Standards § 4.1.2(5) & § 4.1.2(5)(b) and 2010 ADAAG Standards § 208 & § 208.2.4. Except as admitted or alleged, defendants deny the allegations in this paragraph.

17. Answering paragraph 17 of the Complaint, defendants admit that plaintiff has recited a summarization of 36 C.F.R., Part 1191, § 502.3.3 and California Building Code § 1129B.4 and § 1129B.3. Except as admitted or alleged, defendants deny the allegations in this paragraph.

18. Answering paragraph 18 of the Complaint, defendants admit that plaintiff has recited a summarization of 1991 ADAAG Standards § 7.2(1) and 2010 ADAAG Standards § 904. Except as admitted or alleged, defendants deny the allegations in this paragraph.

19. Answering paragraph 19 of the Complaint, defendants have no knowledge or information upon which to ascertain the truth of the allegations contained in said paragraph; therefore, defendants deny the allegations contained in this paragraph.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## (CIV. CODE § 51 - 53)

20. Answering paragraph 20 of the Complaint, defendants deny, admit, and allege the same responses to the foregoing paragraphs as set forth above and incorporate those responses as though fully set forth in this paragraph.

21. Answering paragraph 21 of the Complaint, defendants deny the allegations in this paragraph.

22. Answering paragraph 22 of the Complaint, defendants deny the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
## (CIV. CODE § 54 – 54.8)

23. Answering paragraph 23 of the Complaint, defendants deny, admit, and allege the same responses to the foregoing paragraphs as set forth above and incorporate those responses as though fully set forth in this paragraph.

24. Answering paragraph 24 of the Complaint, defendants deny the allegations contained in this paragraph.

25. Answering paragraph 25 of the Complaint, defendants have no knowledge or information on which to ascertain the truth of the allegations contained in this paragraph; therefore, defendants deny the allegations contained in this paragraph.

## FOURTH CLAIM FOR RELIEF

## (NEGLIGENCE)

26. Answering paragraph 26 of the Complaint, defendants deny, admit, and allege the same responses to the foregoing paragraphs as set forth above and incorporate those responses as though fully set forth in this paragraph.

27. Answering paragraph 40 of the Complaint, defendants have insufficient knowledge or information on which to ascertain the truth of the allegations contained in this paragraph; therefore, defendants deny the allegations contained in this paragraph.

## PRAYER

Answering paragraph 1 of the Prayer in the Complaint, defendants deny the allegations contained in this paragraph.

Answering paragraph 2 of the Prayer in the Complaint, defendants deny the allegations contained in this paragraph.

Answering paragraph 3 of the Prayer in the Complaint, defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. As a first separate and affirmative defense to plaintiff's Complaint, defendants assert that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against defendants.

//

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. As a second separate and affirmative defense to plaintiff's Complaint, defendants are informed and believe, and thereon allege that plaintiff's Complaint is barred by the applicable statute of limitations, including but not limited to, California and federal statute and case authority.

## THIRD AFFIRMATIVE DEFENSE

### (No Personal Barrier)

3. As a third separate and affirmative defense to plaintiff's Complaint, defendants allege that plaintiff did not personally encounter any barrier to access defendants' facility that unreasonably interfered with plaintiff's use and enjoyment of the property.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Request Accommodation or Assistance)

4. As a fourth separate and affirmative defense to plaintiff's Complaint, defendants allege that plaintiff failed to request reasonable accommodation, assistance, or auxiliary aids to enable plaintiff to access defendants' facility, as required by law.

## FIFTH AFFIRMATIVE DEFENSE

### (Alternative Means)

5. As a fifth separate and affirmative defense to plaintiff's Complaint, defendants allege that defendants are not required to make structural changes in its existing facility where other methods are available and effective to enable access for disabled persons.

## SIXTH AFFIRMATIVE DEFENSE

### (Removal of Barriers Not Readily Achievable)

6. As a sixth separate and affirmative defense to plaintiff's Complaint, defendants allege that relief sought by plaintiff to remove all barriers would place undue financial and business operation burdens on defendants, such that removal of barriers is not readily achievable.

//
//
//

### SEVENTH AFFIRMATIVE DEFENSE

#### (Reduction of Penalties)

7.     As a seventh separate and affirmative defense to plaintiff's Complaint, defendants allege that any statutory penalties sought by plaintiff under California law are subject to a statutory reduction pursuant to California Civil Code § 55.56.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Deterrence)

8.     As an eighth separate and affirmative defense to plaintiff's Complaint, defendants allege that plaintiff was not personally deterred, impeded, or deprived of equal access to defendants' facility. Defendants allege that plaintiff or plaintiff's agents, who are not disabled, presented themselves at defendants' facility for the specific purpose of trolling and hunting for access barriers, rather than to purchase the goods and services offered by defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Comparative Negligence)

9.     As a ninth separate and affirmative defense to plaintiff's Complaint, defendants allege that plaintiff failed to exercise ordinary care, caution, and prudence to avoid the events described in the Complaint, and that the resulting injuries and damages, if any, sustained by plaintiff were the direct and proximate result of plaintiff's own fault, carelessness, and negligence.

### TENTH AFFIRMATIVE DEFENSE

#### (Civil Code Section 1431.2)

10.    As a tenth separate and affirmative defense to plaintiff's Complaint, defendants allege that under the law of comparative negligence and under the provisions of Civil Code § 1431.2, defendants should be required to pay only in proportion with defendants' own negligence, if any, by way of any judgment in the above matter.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Liabilities of Third Parties)

11.    As an eleventh separate and affirmative defense to plaintiff's Complaint, defendants allege that other persons and entities, who are parties to this action, and other persons and entities who

have not been named in this action, were themselves at fault in and about the matters referred to in the Complaint and that such fault proximately caused and contributed to the damages complained of by plaintiff, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Indemnity)

12. As a twelfth separate and affirmative defense to plaintiff's Complaint, other parties, whether tenants, lessees, owners, or landlords, are at fault for the matters alleged in the Complaint and such fault proximately caused and contributed to the damages complained of by plaintiff, if any; therefore, defendants seek to be indemnified by such parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13. As a thirteenth separate and affirmative defense to plaintiff's Complaint, defendants are informed and believe, and thereon allege that plaintiff has failed to exercise ordinary care, caution, and prudence to mitigate the injuries and damages, if any, sustained by plaintiff, and, consequently, any recovery should be reduced or barred by reason of such failure.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

14. As a fourteenth separate and affirmative defense to plaintiff's Complaint, defendants are informed and believe, and thereon allege, that plaintiff sustained no actual damages; therefore, plaintiff is not entitled to any damages whatsoever, either actual damages, statutory damages, or penalty damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15. As a fifteenth separate and affirmative defense to plaintiff's Complaint, defendants are informed and believe, and thereon allege to the extent plaintiff's action relies on principles of equity, plaintiff's action is barred by the equitable doctrine of unclean hands.

//
//

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel, Waiver, and Laches)**

16. As a sixteenth affirmative separate and affirmative defense to plaintiff's Complaint, defendants are informed and believe, and thereon allege that this action is barred by the equitable doctrines of estoppel, waiver, and laches by reason of plaintiff's own conduct.

WHEREFORE, defendants pray that plaintiff take nothing by reason of the Complaint herein, and that defendants have and recover judgment for defendants' costs of suit and recover defendants' attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper.

Dated: April 8, 2015

KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON

//s// *Velma K. Lim*

VELMA K. LIM
Attorneys for Defendants
SUKHJIT SINGH JASWAL and
HARVINDER SINGH